McNair vs. Williams.

---

## McNair vs. Williams.

STATUTES CONSTRUED:    *Act of April* 25, 1873.

　　　　Under the act of April 25, 1873, appointing commissioners to locate the county seat of Pope county, Russellville became the temporary county seat, and judgments rendered by courts held at that place were valid.

APPEAL from *Pope* Circuit Court.

Hon. W. N. MAY, Circuit Judge.

*J. E. Cravens*, for appellants.

*Clark & Williams*, for appellee.

BENNETT, J.    This case is a simple action on a promissory note.    The answer sets up no defense except that the court or judge had no jurisdiction or power to hear or determine the

cause or render a judgment on the note against the defendant, because by the act of the legislature, approved April 25, 1873, entitled "an act to move the county seat of Pope county," the county seat had been removed from Dover to Russellville and was then at Russellville and not at Dover where the court was sitting. Upon this answer the parties went to trial. The court, after hearing the evidence, found for the plaintiffs and gave judgment for the amount of the note and interest. The defendant filed a motion for a new trial, and set out for causes:

1. That the finding and judgment of the court was contrary to law and the evidence.

2. That the court had no authority, jurisdiction or power to render judgment at the town of Dover in said county, the county seat being at Russellville, a distance of ten miles from Dover.

The motion was overruled by the court. The defendant excepted, setting out the evidence, and appealed.

The validity and correctness of the finding and judgment depend solely upon the question whether the county seat, at the time of the rendition of it, was at Dover where the court was sitting. As no other part of the action of the court is called into review, we will pass to it without further comment.

The act approved April 25, 1873, is as follows:

"An act entitled 'an act to move the county seat of Pope county.'

"*Be it enacted by the general assembly of the state of Arkansas:* That J. M. White, John Torrence and D. Perryman are hereby appointed commissioners; who, upon receiving a good and sufficient bond from the incorporation of Russellville, or the Little Rock and Fort Smith railroad, conditioned that either incorporation shall, by the first of January, 1874, donate to the county of Pope a court house and grounds, or money and material sufficient to erect as good a court house as the one

McNair vs. Williams.

now had at Dover, in said county, the choice being left to the commissioners, and furnish temporary county buildings until January 1, 1874, shall order the county officers to transfer their offices to said buildings, together with their records and office fixtures. Thenceforth Dover shall cease to be the county seat of Pope county, and the place designated by said commissioners shall be the county seat of said county: *provided*, that until said county seat is located, Russellville shall be the temporary county seat.

" Sec. 2. Said commissioners shall have authority to receive donations of land upon which to erect the county buildings and take deeds therefor to the county. They shall locate the permanent county seat within three months from the passage of this act, and report their proceedings to the county board of supervisors at their first meeting thereafter. For their services they shall each receive three dollars per day for time actually employed.

"Sec. 3. All acts and parts of acts in conflict herewith are hereby repealed, and this act shall be in force and take effect from and after its passage."

Upon the trial of this cause the plaintiffs proved that Russellville was about ten miles from Dover where the court was sitting; and that there was and is no such person as D. Perryman named in the act as one of the commissioners to locate the county seat of Pope county; and that none of said commissioners ever qualified or acted as such; that they never removed the county seat from Dover, nor located the same at Russellville or any other place; and that neither the incorporation of Russellville nor the Little Rock and Fort Smith Railroad ever executed any such bond to said commissioners; nor did they ever donate a court house or grounds for a court house in Russellville, nor money to purchase or erect such buildings; nor were temporary buildings furnished

McNair vs. Williams.

to hold the court; nor did the commissioners or other competent·authority order the county officers to transfer their offices nor the records of the county to any such buildings; nor, in fact, did the commissioners act in any way as required by the law.

Such being the facts governing the case, we are left to the sole proposition as to whether the act above quoted, of itself, without the action of the commissioners, removed the county seat of Pope county from Dover and made Russellville the temporary county seat.

In the outset it may be of profit to refer to well known rules and maxims for the construction of ambiguous statutes.

Broome, in his Legal Maxims, has collected from the authorities the following fundamental rules: "That one part of a statute must be so construed by another that the whole may, if possible, stand, and that if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. And it is a sound general principle in the exposition of statutes that less regard is to be paid to the words used than the policy which dictated the act. * *

"It is then an established rule of construction that an act of parliament shall be read acccording to the ordinary and grammatical sense of the words, unless being so read it would be absurd and inconsistent with the declared intention of the legislature to be collected from the rest of the act." Broome's Legal Maxims, 247 and 248.

Whenever the intention of the maker can be discovered, it ought to be followed with reason and discretion, although such construction seems contrary to the letter. Bac. Abr., Title, Statute I; 5 Johnson, 380.

Statutes should be expounded according, not to the letter, but to the meaning. The meaning of the words is to be best ascertained from the subject of the act. 3 Bingham, 193.

The reason and object of the act are a clew to the true meaning.   Dwarris Stat., 692.

The intention of the lawgiver is to be deduced from a view of the whole, and every part of a statute to be taken and compared together.   The real intention, when *actually* ascertained, will always prevail over the literal.   1 Kent Com., 162 ; *People v. Draper*, 15 N. Y., 532.

The above are the general rules for the government of the construction of ambiguous statutes.

The awkward manner the legislature has taken to express its intention, and the manner in which that intention shall be carried out in the law, now under consideration, is all that creates any difficulty in construing it.

From the above cited rules we learn that the *intention* of the lawmaker, when ascertained, must be followed.   Now what was the intention of the legislature in this enactment ? No one can say otherwise than that it was to remove the county seat of Pope county from Dover to some other place in the county.   If such was the evident intention, the statute must be construed if possible so as to carry out that intention.   If it were not for the proviso to the first section, which says, "that until said county seat is located, Russellville shall be the temporary county seat," it might be well urged that this law only provides a way in which the county seat could be moved.   But with this proviso in it, it is very evident that the legislature intended at once and by reason of this enactment to take the county seat from Dover.   This intention is made manifest by a simple transposition of the expressions used in the law.   Suppose, for instance, the proviso had been the first section of the act, and had read as follows: "Section 1.   That, until said county seat is located as required by the act, Russellville shall be the temporary county seat," and then had proceeded to provide for the location of the build-

ings upon certain lots, blocks or sections of land within the incorporation of the village of Russellville, there could have been no ambiguity about the statute. From a careful examination of the body of this enactment, that this was the intention of the legislature there can be no doubt. By this construction we are able to make the whole stand together. From the whole tenor of it we safely infer that there were two places or locations outside of Dover which were contending for the county seat and buildings incident to it, viz., the incorporation of Russellville, and the incorporation of the Little Rock and Fort Smith Railroad Company, the intention of the legislature to remove being clearly expressed in the proviso. Then taking into consideration this additional fact that there were two localities or corporations desiring that the location of the county seat should be within their control, it is evident that the appointment of the commissioners and the defining of their duties related merely to the determination as to which of these locations should be the permanent county seat. Pending this determination, which should not exceed three months of time, Russellville should be the temporary county seat of Pope county. The only question for these commissioners to determine was, as between the location desired by the Little Rock and Fort Smith Railroad and the location as desired by the village of Russellville, which one with all its incidents, such as free donation of lots, buildings, offices, money and materials as offered by those incorporations, would be to the best interest of the county of Pope to place the *permanent* buildings upon and make a *permanent* county seat of.

It is not an uncommon thing for a statute declaring in a general way that certain public buildings or a county seat shall be located in certain towns or cities, and the immediate site within those towns or cities to be left in the hands of the

commissioners. This is always well, because it not infrequently happens that the owners of property or others may, for private reasons, desire that these buildings should be erected on some particular lot, block or section of land within such towns or cities, and in order to secure such location may offer special inducements to the public to secure it. Such would seem to have been the case here. From the title and general scope of the law, aided by the direct expression of the proviso to the first section of it, we learn that the legislature intended to absolutely move the county seat from Dover. The railroad company and the village of Russellville, being competitors for its immediate location, the legislature provided this board of commissioners to receive from each proposals to furnish for the county a court house, grounds, money and materials, and then to decide as between them where the permanent county seat should be situated. Pending this decision it declared that Russellville should be the temporary county seat. It required no action of these commissioners to place the county seat at Russellville. The legislature had done so temporarily, and with that matter they had no concern.

With the construction we have placed upon the statute, the whole may stand. No clause, sentence or word becomes void, superfluous or insignificant, and the intention of the legislature is fully carried out. Any other one would have violated this plain rule, as the proviso would have been entirely expunged from it without rule or reason.

Dwarris, in his work on Statutory Law, pages 562, 614, 667, says: "In the case of a statute which is a part of the legal arrangement for carrying on the government and providing for the administration of justice among the citizens of the state and remedial in its character, the rule is that if the words are not explicit, the sense is to be gathered from the occasion and necessity of the law and the designed remedy. It

is to be so construed as most effectually to meet the beneficial end in view. It is to be construed liberally in contradistinction from a mere verbal construction — largely and beneficially — so as to suppress the mischief and advance the remedy."

From this construction we are led to declare that Russellville is the county seat of Pope county, and any judgment rendered by the circuit court at any other place in the county would be *coram non judice*, and its proceedings a nullity.

This case is dismissed.