PHILLIPS COUNTY v. PILLOW.

1. FEES: *Of sheriff in criminal cases; Construction of statute.*
The word "return" in *Sec. 3248, Mansf. Dig.,* does not mean "service;" and the statute does not exempt the county, when liable for the cost in a criminal case, from payment for serving every subpœna served in the case, regardless of the number.

APPEAL from *Phillips* Circuit Court.
HON. W. H. CATE, Judge, on exchange.

*R. W. Nichols* for Appellant.

To give any effect to the section, it must be construed as was done by the county court. If it does not mean that it means nothing, as the fee bills of that officer nowhere provide for the payment of any amount to him for making *returns on subpœnas.* What else could the legislature have possibly meant when they say "more than two returns?"

An officer was never before or after the passage of the act allowed for even *one* return on a subpœna; then what was the use or sense of limiting his pay to *two* returns, when both before and after he could get nothing for such service at all? He might make *forty* returns on subpœnas, or only *one*, and he could not, under the law, receive a cent, there being no fee allowed for that particular service.

The county cannot be made to pay constructive fees. See *Cole v. White Co., 32 Ark., 45.*

It will no doubt be urged by appellee that such a construction will work a great hardship on him, forcing him to perform services for which he can derive no pay. Such may, in some cases, be the result, but an officer who takes upon himself the discharge of the duties imposed upon him by virtue of that office, must expect to receive nothing more than the fees allowed by law.

The word "*return*" as used in the act either means something or nothing. It cannot be the simple making of the return, because it has always been held, that except in cases of "*non est*," or "*nulla bona*" there is no fee allowed for making a "return." And the only way to give effect to the statute is to hold that "*return*" is synonymous with "*service*." Otherwise, this provision is inoperative, inconsistent, and entirely nugatory. As there was no fee allowed, at all, to be paid by the county, previous to this act, the legislature had a perfect right to say how much of the plaintiff's costs they would pay. It is evident that, in this act, they intended to say so, and the construction of the act to say what they did intend is with the courts.

*Stephenson & Trieber* for Appellee.

Statutes are to be construed according to the natural and most obvious import of their language, without resort to *subtle and forced* constructions, etc. *20 Wend.* (*N. Y.*) *555; 19 N. Y. 601; 1 Wheat, 326; 18 Barb., 451; Cooley Const. Lim., p. 55.*

The words "service" and "return" each have a separate and well defined meaning. By *Sec. 3247, Mansf. Dig.*, sheriffs are allowed 10 cents for a return of *non est* on each subpœna. It is reasonable to presume that the legislature intended the law to apply to such returns, and not to the *service* of subpœnas which he is bound to make or subject himself to indictment.

SMITH, J. , The sheriff presented to the county court his bill for services in subpœnaing seven witnesses in the case of the state of Arkansas against Richard Dortch, charged with murder.   Dortch was convicted and an execution for the costs was returned *nulla bona.*   This made the county liable for all legitimate fees arising out of his prosecution.   The county court allowed fees and mileage for subpœnaing two witnesses only, rejecting the remainder of the bill.   The sheriff appealed to the circuit court, where judgment was rendered in his favor for the whole of his demand.

**Fees of sheriff ia criminal cases**

The controversy involves the construction of *Sec. 3248 of Mansf. Dig.,* which provides that where the costs in criminal cases are paid by the county, " no sheriff, etc., serving subpœnas for witnesses shall be allowed . to receive from the county pay for making more than *two returns* on subpœnas in any given case," etc.

**Construction of statute.**

The contention of the county is, that the word "return" should be construed as meaning service ; otherwise the section is unintelligible, for the law provides no remuneration for making returns on writs except where the return is *non est* or *nulla bona.*   The intention of the legislature is somewhat obscure. But "return" has a specific legal meaning.   It is a short account, in writing, made by a ministerial officer of the manner in which he has executed a writ.   *Stephen Pl., 24.*   And where it occurs in a statute regulating fees, it will be presumed to have been used in its technical sense.

"The current of authority at the present day is in favor of reading statutes according to the natural and most obvious import of the language, without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation."   *Waller v. Harris, 20 Wendell, 562,* per Bronson, J.

"The office of interpretation is to bring sense out of the words used, and not bring a sense into them."   *McCloskey v.*

*Cromwell, 11 N. Y., 602.* Compare *M. and L. R. Ry. v. Adams, 46 Ark., 163.*

The number of witnesses who may be summoned in a criminal cause, in behalf of both prosecution and defense, is unlimited. And it would require unequivocal language to convince us of the intention of the legislature that the sheriff, who must serve processes under pain of indictment and punishment for nonfeasance, was to have pay only for serving two subpœnas.

Affirmed.