### CRABTREE *v*. STATE.
### Opinion delivered March 20, 1916.

1. STATUTES—CONSTRUCTION—EJUSDEM GENERIS.—The maxim *"ejusdem generis,"* which may be applied to effectuate the legislative intent, will never be allowed to defeat it.

2. GAME AND FISH—SALE OF—CONSTRUCTION OF STATUTE.—The general words, "or any other kind of game, wild fowl, or birds, whatever," as used in Kirby's Digest, § 3618, restricting the sale of game, which words follow the particular kind of game enumerated, include animals, fowls and birds of a wild nature that are fit and commonly hunted for use and food in addition to and different from those specified.

3. GAME AND FISH—"WILD FOWL" DEFINED.—The term "wild fowl" means any large eatable bird of a wild nature.

4. GAME AND FISH—SELLING WILD DUCKS.—A conviction of the crime of selling wild ducks may be had under Kirby's Digest, § 3618.

Appeal from Miller County Court; *Geo. R. Haynie*, Judge; affirmed.

*J. M. Carter*, for appellant.

The statute does not prohibit the sale of wild ducks. Kirby's Digest § 3618. General words following specific terms *ejusdem generis* should be limited by reference to

the specific words, and should be construed only with all other articles, things, etc., of like nature and quality, etc. 61 Ark. 502; 54 Ark. 611; 102 *Id.* 218; 101 *Id.* 596. The word "game" does not refer to "fowls." The statute makes no exception of fowls. The case in 174 S. W. 527 does not apply here. The only question raised there was the constitutionality of the act. But if it did the ruling is not sound.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. It is unlawful to sell wild ducks. "Game" means beasts and birds of a wild nature obtained by fowling and hunting and includes quail and other wild fowls fit for food. Coke on Littleton, 233a, § 378; 8 Words and Phrases, 1023; 71 Mich. 325; Cyclopedic Dict. 404; 198 Ill. 258; 19 Cyc. 1450. "Fowl" comprehends all birds and poultry, but "wild fowl" applies to ducks, geese, etc. 3 Words and Phrases 2929; 11 East 574.

The statute reads "or any other kind of game," etc. The word "other" means different from that specified; not the same. 29 Cyc. 1532; 78 Pac. 565; 35 Atl. 658; 140 Ind. 397; 6 Words and Phrases 5070.

The maxim *ejusdem generis* is applied only to effectuate the legislatve intent; not to defeat it. 48 Minn. 140; 18 Ala. 687; 116 Pa. St.; 3 Words and Phrases 2328. But our court has settled the matter. 174 S. W. 527; 103 *Id.* 288.

WOOD, J. Section 3618 of Kirby's Digest provides: "It shall be unlawful for any person, corporation, or company, to purchase, or have in possession for barter, exchange or sale, or to expose for barter, exchange or sale, or to sell any buck, doe, fawn, or any part thereof, or any wild turkey, pinnated grouse, commonly called prairie chicken, or any quail, sometimes called Virginia partridge, or any other kind of game, wild fowls, or birds whatsoever, within this State, except bear, rabbits, squirrels."

(1) Appellant was convicted of selling wild ducks under the above section, and he contended that the statute

does not prohibit the sale of wild ducks, invoking the maxim of *ejusdem generis*. But that maxim, while applied to effectuate the legislative intent is never allowed to defeat it. *Foster* v. *Blount,* 18 Ala. 687; *State* v. *Broderick,* 7 Mo. Ap. 19, 20.

"It has never been supposed," says the Supreme Court of Illinois, "that the rule required the rejection of the general terms entirely, but only that they should be restricted to cases of the same kind as those expressly enumerated. On the contrary, it must yield to another equally salutary rule of construction, viz: that every part of a statute should, if possible, be upheld and given its appropriate force." *Misch* v. *Russell,* 136 Ill. 22, 25.

(2-3) The general words, "or any other kind of game, wild fowl, or birds, whatsoever" following the particular kinds enumerated, were manifestly intended by the Legislature to include animals, fowls and birds of a wild nature that are fit and commonly hunted for use and food in addition to and different from those specified. Law Dictionary; English Stand. Dict.; Worcester's Dict., verbum, "game." The term "wild fowl" means any large eatable bird of a wild nature.

(4) In *Jonesboro. L. C. & E. Rd. Co.* v. *Adams,* 117 Ark. 54, 174 S. W. 527-530, we said: "The law-makers contributed to the preservation of wild ducks," by enacting a general statute, citing section 3618, Kirby's Digest.

While the exact question here presented was not before us in that case, the language above used was a correct interpretation of the statute.

The judgment is therefore affirmed.