## COX *v.* STATE.

### Opinion delivered April 28, 1924.

1. PERJURY—INDICTMENT.—An indictment for perjury need not refer to the statute pursuant to which the oath was administered.

2. PERJURY—INDICTMENT.—An indictment for perjury in procuring a marriage license, alleging that it was material that an affidavit be made to secure the license, need not set out the facts making it material.

3. PERJURY—INDICTMENT—An indictment for perjury in making an affidavit for a marriage license was not defective in failing to allege specifically that the affidavit was in writing, where it alleged that the affidavit was material to secure the license, being the affidavit required by Crawford & Moses' Dig., 7062, which contemplates a written declaration under oath, as provided by § 4196, *Id.*

4. PERJURY—INDICTMENT.—An indictment for perjury in making a false affidavit to procure a marriage license is sufficient, though it does not specifically allege that the affidavit was required or authorized by law.

5. PERJURY—INDICTMENT.—An indictment for perjury in making a false affidavit to procure a marriage license is not fatally defective in alleging that defendant "did feloniously, falsely and corruptly testify and swear," etc., and that "said statement and affidavit" was wilfully and corruptly false.

6. PERJURY—INSTRUCTION.—Where the State's contention was that defendant committed perjury in making a false affidavit as to the girl's age in applying for a marriage license, a requested instruction requiring the jury to find that "the statements" made in the affidavit were false was properly refused, as it was not requisite that all the statements in the affidavit be false, but only the statement as to the girl's age.

7. PERJURY—KNOWLEDGE OF FALSITY.—For defendant to be guilty of perjury in making an affidavit for marriage license, it was not necessary that the affidavit should have been read to or by him if he knew that it contained the false recital as to the girl's age.

8. CRIMINAL LAW—INSTRUCTION.—On a prosecution for perjury in making an affidavit for marriage license by falsely stating the age of the girl, an instruction given by the court *held* to cover defendant's requested instruction as to his knowledge of such falsity.

9. PERJURY—METHOD OF SWEARING.—Where defendant signed an affidavit for the purpose of swearing to it, knowing that the clerk regarded his act of signing as a method of making affirmation, a finding that he was sworn is warranted.

10. CRIMINAL LAW—EVIDENCE—HARMLESS ERROR.—Where defendant was asked on cross-examination whether he had ever been convicted of a crime, and answered that he had never been in court before, the inquiry, being concluded, was not prejudicial.

11. WITNESSES—IMPEACHMENT.—For the purpose of testing his credibility, defendant may be asked on cross-examination whether he had ever been convicted of crime.

12. CRIMINAL LAW—REDUCTION OF PUNISHMENT.—As it is the jury's province to weigh the testimony, a punishment within the limit fixed by the Legislature will not be reduced as being excessive, even though the punishment seems excessive.

Appeal from Faulkner Circuit Court; *George W. Clark*, Judge; affirmed.

*George F. Hartje*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

SMITH, J.    Appellant was tried and convicted under the following indictment: "The grand jury of Faulkner County, in the name and by the authority of the State of Arkansas, accuse Jesse Cox of the crime of perjury, committed as follows, to-wit: The said Jesse Cox, in the county and State aforesaid, on the 31st day of October, 1923, personally appeared before J. A. Hutto, county clerk of Faulkner County, Arkansas, who was then and there duly authorized by law to administer an oath and to issue marriage licenses, and he, the said Jesse Cox, did then and there make application to said J. A. Hutto, county clerk as aforesaid, for a marriage license for himself and one Oral Curtis, a female person under the age of eighteen years, and, in order to obtain said marriage license from the said J. A. Hutto, county clerk as aforesaid, he, the said Jesse Cox, did feloniously, falsely and corruptly testify and swear, under the sanction of his oath, before him, the said J. A. Hutto, county clerk as aforesaid, that the said Oral Curtis was then and there eighteen years of age, when in truth and in fact the said Oral Curtis was not then and there eighteen years of age, but was then and there, in truth and fact, under the age of fifteen years, which fact was then and there well known to him, the said Jesse Cox, and

that the said false, felonious and corrupt statement was material in order for him, the said Jesse Cox, to obtain said marriage license as aforesaid, and, relying upon said false, felonious and corrupt statement to be true, the said J. A. Hutto, county clerk as aforesaid, did issue to him, the said Jesse Cox, a marriage license for him, the said Jesse Cox, and the said Oral Curtis, and which said statement and affidavit made by the said Jesse Cox, as aforesaid, was feloniously, wilfully and corruptly false, and the said Jesse Cox knew the same to be false at the time so made, against the peace and dignity of the State of Arkansas.''

The testimony on the part of the State was to the following effect: Appellant, who was only twenty years old, but who had previously been married, applied, on October 31, 1923, to the county clerk of Faulkner County for a license to marry Oral Curtis, a girl under the age of fifteen years. The clerk asked appellant the age of the girl, and appellant replied that she was eighteen years old. The clerk then asked appellant if he was ''putting one over on him,'' as was sometimes done, and appellant answered that he was not. The clerk then stated that, if appellant would make affidavit to that effect, it would put him (the clerk) ''in the clear,'' and he then tendered to appellant for his signature an affidavit which recited the girl's age to be eighteen. Appellant signed the affidavit, and the license was issued, although appellant was not otherwise sworn.

Appellant testified that he merely told the clerk that the girl said she was eighteen years old, and that he was not required to make an affidavit, and did not know that he had signed one. He admitted that he signed his name to two papers, but did not know that either was an affidavit.

Other testimony made it very clear that the girl was only fourteen years old when the license was issued.

For the reversal of the judgment, it is insisted that the indictment was defective in the following respects: (a) it failed to allege that the clerk was in doubt as to the

correct age of one of the contracting parties; (b) it did not allege that the affidavit was in writing; (c) it was not alleged that the affidavit was one required or authorized by law. It is also insisted that the court erred in refusing to give instructions requested by appellant; that error was committed in permitting certain questions to be asked appellant on his cross-examination; and that the punishment assessed was excessive.

By § 7062, C. & M. Digest, it is provided that, if the clerk is in doubt as to the true age of the party applying for a marriage license, he may require an affidavit to be made on that subject, the same to be filed in his office for public inspection. This statute therefore furnished the authorization for the affidavit alleged to have been made.

By § 2590, C. & M. Digest, it is provided that, in indictments for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath or affirmation was taken, averring that such court or officer had authority to administer the same, together with proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, either in law or in equity, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same.

Section 2588, C. & M. Digest, defines perjury as "the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any cause, matter or proceeding before any court, tribunal, body corporate or other officer having by law authority to administer oaths."

It was not required therefore that reference be made to the statute pursuant to which the oath was administered. The indictment does allege that it was material for appellant to make this affidavit to obtain the license, and, having alleged that it was material that the affidavit be made to secure the license, it was not required that

the facts which made it material be set out. *State* v. *Roberts,* 148 Ark. 328.

We do not think the failure to allege that the affidavit was in writing is a fatal defect. The indictment alleges that the affidavit made was material to secure the license, this necessarily being the affidavit required by § 7062, C. & M. Digest, copied above. Besides, an affidavit is defined to be "a written declaration under oath, made without notice to the adverse party." Section 4196, C. & M. Digest.

The final objection to the indictment is that it does not allege that the affidavit was one which was required or authorized by law. The indictment does allege, however, that the clerk was authorized to administer the oath to secure the marriage license, and that, in order to obtain such license from the clerk, appellant did corruptly testify and swear, under the sanction of his oath, that Oral Curtis was eighteen years of age, and that it was material for appellant to so swear to obtain the license. We think these allegations, which were properly traversed, sufficient to charge perjury and to apprise appellant of the charge he was called upon to answer.

It is true that the indictment charged that appellant did "corruptly testify and swear, under the sanction of his oath," without expressly alleging that he "made affidavit" to the facts charged to have been falsely sworn, but, in traversing these facts alleged to have been falsely sworn, the indictment does allege that said statement and "affidavit" was false.

An indictment drawn in this manner was criticised in the case of *Thomas* v. *State,* 54 Ark. 584, and the sufficiency of the indictment was questioned, although the point was reserved, and the judgment of conviction was reversed on other grounds.

It would unquestionably have been better pleading to have conformed the indictment to the views expressed in the case of *Thomas* v. *State, supra,* but we do not think the defect is one which requires the reversal of the judgment. The indictment leaves no doubt that

appellant was charged with having sworn falsely to obtain the marriage license and that the statement and affidavit made by him for that purpose was false, that the oath was made before an officer whose duty it was to administer the oath and to issue the license, that he made the oath in order to obtain the license, and that the statement that the girl was eighteen years old was material to obtain the license. So that, while it would have been better pleading to have observed the suggestion made in *Thomas* v. *State, supra,* that the averment of the matter alleged to have been falsely sworn and the traverse thereof should strictly conform, we are nevertheless of the opinion that the allegations of the indictment met the requirements of § 2590, C. & M. Digest, quoted above.

Appellant asked, and the court refused to give, an instruction No. 2, which would have told the jury, if given, that appellant could not be found guilty unless the clerk not only had appellant sign the affidavit but that the clerk must have read the affidavit to appellant, or appellant must have read it himself, and must have known what he was signing, and that the statements made in the affidavit were false, and known to be false by appellant at the time.

No error was committed in refusing to give this instruction. It was not requisite that all of the statements in the affidavit were false, but it sufficed if the statement as to Oral Curtis' age was false. Nor need it have been read by him or to him, if he knew that it contained the recital about which the clerk was inquiring, that is, that Oral Curtis was eighteen years old.

Moreover, the court gave an instruction which told the jury that "it is essential that the defendant signed this affidavit knowing the contents thereof. That is, that he signed the affidavit knowing that the affidavit represented that this girl was eighteen years old, based upon the information he furnished the clerk who prepared the affidavit, by this defendant himself and not somebody else. If he signed the affidavit knowing that the affidavit contained the age of the girl at eighteen, and she was not

eighteen, and he knew that she was not eighteen, and knew that he was signing an affidavit representing her age at eighteen, then that would constitute perjury under the law.    *    *''  We think this instruction covered appellant's instruction No. 2 in so far as that instruction correctly declared the law.

Appellant asked that the court read § 4175 and 4176, C. & M. Digest, to the jury, as instructions in the case. These sections deal with the manner of administering oaths, but they do not prescribe the only method of administering oaths.  By § 4181, C. & M. Digest, it is provided that, ''in all cases in which an oath is required or authorized by law, the same may be taken in any of the forms in this act prescribed in the several cases hereinbefore specified, and every person swearing, affirming or declaring in any such form, or any form authorized by law, shall be deemed to have been lawfully sworn, and to be guilty of perjury for corruptly and falsely swearing, affirming or declaring in the same manner as if he had sworn by laying his hand on the Gospels and kissing them.''

So here we think if appellant signed the affidavit for the purpose of swearing to it, knowing that the clerk regarded his act of signing the affidavit as a method of making affirmation, the jury was warranted in finding that appellant was sworn.  *Fortenheim* v. *Claflin, Allen & Co.*, 47 Ark. 53.

At § 8 of the chapter on Affidavits, in 1 R. C. L., p. 765, it is said: ''To make a valid oath or affirmation there must be some overt act which shows that there was an intention to take an oath or affirmation on the one hand and an intention to administer it on the other; for, even though such intention actually did exist, if it was not manifested by an unambiguous act, perjury could not be based thereon.  If the attention of the person making the affidavit is called to the fact that it must be sworn to, and, in recognition of this, he is asked to do some corporal act, and he does it, the instrument constitutes a statement under oath, irrespective of any other formalities.''  See

also § 48 of the chapter on Affidavits in 2 C. J. 337, the notes to the texts cited.

Appellant was asked, on his cross-examination, if he had been previously tried and convicted of a crime, and he answered that he had never been in court before. This answer concluded the inquiry, and no prejudice could have resulted from the question and answer. However, the question was proper, even though a different answer had been given, as it is permissible to thus cross-examine a witness, even though he is the defendant, for the purpose of testing his credibility as a witness.

It is finally insisted that the verdict is excessive. The punishment was fixed at six years, but, as the statute fixes the punishment for perjury at imprisonment in the penitentiary at a period of from one to fifteen years, we cannot say that the punishment was excessive, as it is the peculiar province of the jury to weigh the testimony, and we are not at liberty to reduce the punishment, even though we might think it too severe. *Hall* v. *State,* 113 Ark. 454.

No prejudicial error appears, so the judgment must be affirmed.