WISEMAN, COMMISSIONER REVENUES *v.* AFFOLTER.

4-4294

Opinion delivered March 30, 1936.

Carl E. Bailey, Attorney General, Thomas Fitzhugh, Assistant, and Millard Alford, for appellant.

Donham & Fulk and G. W. Hendricks, for appellees.

JOHNSON, C. J. Appellee, J. A. Affolter, and a number of others engaged in the retail sale of whole milk in the vicinity of Little Rock instituted this action in the Pulaski Chancery Court against appellant, Earl R. Wiseman, Commissioner of Revenues for the State of Arkansas, the object of which was to permanently enjoin and restrain the collection of sales tax upon retail sales of whole milk. Upon trial, after issues joined by answer, testimony was adduced by the respective parties from which the court found that whole milk was exempt, and not subject to sales tax levies. Thereupon appellant was permanently enjoined and restrained from making such sales tax levies against the sale at retail of whole milk, from which this appeal comes.

The sole question presented for consideration on this appeal is—is the sale of whole milk at retail subject to a sales tax under the provisions of act 233 of 1935, commonly known as The Sales Tax Law. Act 233 of 1935 by general terms levies a sales tax of 2 per cent. upon all sales at retail of tangible personal property in this State, exempting from such levy, however, certain designated commodities and transactions. The constitutionality and validity of this act was sustained by us in Wiseman v. Phillips, 191 Ark. 63, 84 S. W. (2d) 91. The second paragraph of § 15 of said act—the provision with which we are concerned in this litigation—provides: "All foods necessary to life, more specifically defined as follows: flour, meat, lard, sugar, soda, baking powders, salt, meal, butter fats, eggs, and all medicines necessary for the preservation of public health, each of above to be exempt from the provisions of this act."

Concededly and manifestly, whole milk as such is not expressly exempted by name from sales tax levies. Is it exempted by implication? The answer is to be found only by applying well-known and established rules of statutory construction and the application should be made in the light of attendant facts and circumstances.

Appellee's position is, and the chancellor so decided, that the words, "butter fats," as employed in the act exempted whole milk from sales tax levies. This conclusion was reached because: first, whole milk is absolutely necessary to sustain life; second, "butter fats" predominately appears in whole milk; third, the testimony reflected that "butter fats" is the criterion used by commercial sellers and buyers thereof to ascertain the commercial value of whole milk. On the other hand appellant contends that "butter fats" is only one of the elements contained in whole milk—and is not the sole criterion to its commercial value—and that whole milk not being expressly designated as exempt by the act, the tax applies—and that the rule of *ejusdem generis* precludes consideration of the general language employed, "All foods necessary to life."

We shall consider appellant's contentions under two subheads, but in inverse order to that heretofore stated.

The rule of *ejusdem generis* is resorted to by the courts only in aid of statutory construction, and is only applied by the courts in aid of ascertaining the legislative intent and does not control where the plain intent of the Legislature is apparent from the context, and would be hindered thereby. *Mason* v. *Inter-City Term. Ry. Co.,* 158 Ark. 542, 251 S. W. 10; *Crabtree* v. *State,* 123 Ark. 68, 184 S. W. 430; *Ft. Smith* v. *Gunter,* 106 Ark. 371, 154 S. W. 181; *State* v. *Gallagher,* 101 Ark. 593, 143 S. W. 98; 59 C. J. 982, 983.

Not only do courts refuse to resort to general rules of construction where the legislative intent clearly appears from the context by the language employed, but they must give effect to all language employed in the context if reasonable and consistent. *McNair* v. *Williams,* 28 Ark. 200; *Reynolds* v. *Holland,* 35 Ark. 56; *Bennett* v. *Worthington,* 24 Ark. 487; *Geary* v. *Parker,* 65 Ark. 521,

47 S. W. 238, 53 S. W. 567; *Phillips County* v. *Pillow*, 47 Ark. 404, 1 S. W. 686; *St. Louis, I. M. & S. Ry. Co.* v. *B'Shears*, 59 Ark. 237, 27 S. W. 2; *Towson* v. *Denson*, 74 Ark. 302, 86 S. W. 661. The language employed in the exemption clause as heretofore quoted seems to be clear and concise; therefore, the legislative intent must be ascertained from the language used.

Since it is found unnecessary to resort to the rule of *ejusdem generis* in aid of construction of the act under consideration to ascertain the legislative intent, it follows that we are without power to disregard any of the terms of said act, but on the contrary must give full effect to all words, provisions and terms employed.

The words, whole milk, are not employed in the exemption clause of said act, but the words "butter fats," are used. Webster's New International Dictionary defines "butter fats" as follows: "The natural fat of milk; the chief constituent of butter, consisting essentially of a mixture of nine or more glycerides, chiefly butyrin, olein, and palmitin and having a specific gravity of not less than 0.905." When we substitute the above definition for "butter fats" as the term appears in the exemption clause of said act, the same then reads: "All foods necessary to life * * * the natural fat of milk * * * shall be exempt."

The exemption clause when thus paraphrased demonstrates that the natural fat of milk is exempt from the sales tax levy. Moreover, the testimony reflects, if indeed it is necessary to resort thereto, that whole milk is the only produce now in existence which contains "butter fats" in commercial quantities, and that its presence in whole milk is the only criterion of commercial value. We judicially know that whole milk is one—if not the only —necessary food to sustain life. Babies during the first months of their lives subsist exclusively upon this product or its derivatives.

From these observations it follows that the "natural fat of milk is exempt, and, since its appearance in whole milk is the criterion of its commercial value, that the Legislature intended to exempt it from the sales tax, else the use of the words, "butter fats," is meaningless.

When "butter fats" are extracted from whole milk if indeed this is possible, it ceases to be the absolute necessity to sustain life it occupies in its natural state; therefore, if any force or effect be given to the exemption of "butter fats," it must be applied to whole milk.

It follows from what we have said that the trial court reached the correct conclusion, and his decree in this behalf must be affirmed.