McHENRY v. STATE.

4672 242 S. W. 2d 707

Opinion delivered October 15, 1951.

Ovid T. Switzer and W. P. Switzer, for appellant.

Ike Murry, Attorney General and Robert Downie, Assistant Attorney General, for appellee.

ROBINSON, J. The appellant was tried on an indictment charging him with having in his possession two pints of wine upon which the Arkansas excise tax had not been paid. He was convicted and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 6 months. On appeal appellant contends that there is no law prohibiting the possession of wine on which the Arkansas tax has not been paid unless such wine has been illegally manufactured, and that

the evidence shows the wine to have been bought in Louisiana, and not to have been illegally manufactured. Appellant also contends that the punishment fixed by the jury is excessive.

Section 48-404, Ark. Stats., prohibits the shipment or transportation into the State of Arkansas of any spirituous liquors, vinous liquors, wines, or other than Arkansas wines, beer, etc., without first having obtained a permit from the Commissioner of Revenue. Section 48-913, Ark. Stats., provides that any person who has in his possession intoxicating alcoholic liquor not obtained under and in conformity with the provisions of the Act shall be deemed guilty of a misdemeanor, and shall upon conviction be fined not less than $50 nor more than $500, and imprisoned for not exceeding 6 months, or both so fined and imprisoned in the discretion of the court or jury.

Section 48-934, Ark. Stats., provides: "It shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport illicitly distilled liquor or intoxicating liquors of any kind upon which the Arkansas excise tax prescribed by law, has not been paid, and it shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit distillery for the unlawful manufacture of intoxicating liquors, or any apparatus designed for the unlawful manufacture of spirituous, vinous, malt or intoxicating liquors." The penalty for the violation of this section is a fine of not less than $50 nor more than $500, and imprisonment not exceeding 6 months, or both fine and imprisonment.

Appellant says that § 48-934 should be construed as applying only to those liquors which have been illicitly distilled, as the Statute deals with illicitly distilled liquors and illicit distilleries; that the doctrine of *ejusdem generis* should apply in that respect.

The emergency clause is highly persuasive of the fact that the Legislature intended to prohibit the pos-

session of intoxicating liquors without the Arkansas tax having been paid. The emergency clause provides:

"Whereas, it has been ascertained that large quantities of intoxicating liquors are being illegally manufactured and sold in the State of Arkansas and large quantities of intoxicating liquors upon which the State tax has not been paid are also being sold in the State of Arkansas, and the State is losing great sums of money in the form of revenue, by reason thereof," etc.

Section 48-934 provides that it shall be unlawful for any person to have in his possession intoxicating liquors of any kind upon which the Arkansas excise tax prescribed by law has not been paid. The emergency clause, after referring to the fact that large quantities of intoxicating liquors are being illegally manufactured and sold, further states:

". . . and large quantities of intoxicating liquors upon which the State tax has not been paid are being sold in the State of Arkansas", etc. Courts will give effect to all language employed in a Statute when reason and consistency permit. *Wiseman* v. *Affolter,* 192 Ark. 509, 92 S. W. 2d 388.

In *Burrell* v. *State,* 203 Ark. 1124, 160 S. W. 2d 218, the conviction of the defendant for possessing intoxicating liquors upon which the Arkansas tax had not been paid was upheld by this court. In that case the liquor involved had, in all probability, been illegally manufactured, but the case did not turn on that point.

With regard to the punishment fixed by the jury, it does not exceed the maximum punishment allowed by the Statute, and from the record we cannot say that it is excessive. *Garner* v. *State,* 184 Ark. 1093, 44 S. W. 2d 1092; *Cox* v. *State,* 164 Ark. 126, 261 S. W. 303.

Affirmed.