REAVES and NEAL v. STATE.

4916                                    316 S. W. 2d 824

Opinion delivered October 6, 1958.

[Rehearing denied November 10, 1958]

454

*Maddox, Greer, Maddox & Collier,* for appellant Neal; *Sam Anderson* and *Holt, Park & Holt,* for appellant Reaves.

*Bruce Bennett,* Atty. General and *Bill J. Davis,* Asst. Atty. General, for appellee.

MINOR W. MILLWEE, Associate Justice. The appellants, James George Reaves and Lonnie Neal, were jointly charged, tried and convicted of burglary and grand larceny by breaking into the Ben Powell Chevrolet Company at Trumann, Arkansas, and stealing certain property valued at more than $1,000.00. The amended information also charged prior felony convictions of both appellants. In their verdict the jury left the punishment to the trial court. Reaves was sentenced to ten years for burglary and ten years for grand larceny, the sentences to run consecutively. Neal was given similar sentences of ten years for burglary and five years for grand larceny.

We first consider the sufficiency of the evidence to support the verdict. Sherman Coppell operates and lives in the rear of a restaurant located next to, and in the same building occupied by, the Ben Powell Chevrolet Company at Trumann, Arkansas. Coppell testified that he and his son-in-law, Harry Eubanks, were occupying these living quarters on the night of April 21, 1957. About four o'clock the next morning they heard hammering noises in the office of the automobile company and observed a car backed up to the front of the building. When the telephone operator did not respond to his call in an effort to notify the police, Coppell threw a tub out the rear door of his restaurant toward the place where the office safe of the automobile company was located. He wrote down the Illinois license number of the car as Eubanks read it and saw two or three men leave the auto company store in the Ford automobile after putting some object in it.

The owner of the automobile company was notified and found his safe had been broken into and $980.00 in checks, money orders and cash missing in addition to an adding machine worth $50.00 and a 35-horsepower outboard motor and fuel tank. In response to radio alarms, several officers in three automobiles pursued and overtook the Ford automobile in which the appellants and a codefendant, George F. Garner, were riding. The missing adding machine, outboard motor and fuel tank were in the rear trunk of the car and the checks and money orders were scattered along the route. Three loaded pistols, a glove and a 1957 Alabama automobile license plate were also found in the car. Reaves admitted ownership of the car to arresting officers and had $1,048.96 in his possession and Neal had $48.46 on his person. Both parties had previously been convicted of felonies as charged in the information.

Appellants declined to offer any testimony in contradiction to that adduced by the state. When considered in the light most favorable to the state, this testimony was sufficient to sustain the verdict. Aside from the evidence directly connecting appellants with the bur-

glary and larceny, we have frequently held that the possession of recently stolen property, if unexplained to the satisfaction of the jury, is sufficient to sustain a verdict of either larceny or receiving stolen property. *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029; *Shoop* v. *State,* 209 Ark. 498, 190 S. W. 2d 988.

Appellants next contend that the court erred in the admission of certain testimony regarding the ownership and identification of the adding machine and outboard motor recovered from the car occupied by appellants at the time of their arrest. T. M. Hunn, manager of the Ben Powell Chevrolet Company, testified that he compared the serial number of the adding machine recovered from appellants' car with that taken from a list of company property kept in his office in the usual course of business and that the two numbers were identical. Another witness gave similar testimony with reference to the serial number of the outboard motor. Appellants now argue that this testimony was inadmissible as hearsay evidence under our holding in *Jackson* v. *State,* 226 Ark. 731, 293 S. W. 2d 699. In that case we held that the rule excluding hearsay testimony extends to written as well as oral statements, and that evidence otherwise incompetent as hearsay is not admissible merely because it is written or printed. The only objection made by appellant to the testimony at the trial was that the witness himself did not actually make the list or record and, hence, was not in position to know whether it was correct or not. It should be noted that neither the serial number nor the list of either item was ever offered in evidence. If it had been, the State would perhaps be correct in its contention that it would have been admissible under our statute (Ark. Stats. Sec. 28-928). The statement by the witnesses that they compared the two serial numbers was one of fact and not merely hearsay, although it might have been shown to be based on hearsay by further development of the evidence or cross-examination of the witness. Since this was not done and since the objection now argued was not made at the trial, it may not be raised for the first time on appeal.

It is next contended that it was error to admit testimony regarding the finding of the three pistols and other articles in the car used and occupied by the appellants without a search warrant. We have repeatedly held such evidence by arresting officers admissible in the absence of a search warrant. *Knight* v. *State,* 171 Ark. 882, 286 S. W. 1013; *Garner* v. *State,* 184 Ark. 1093, 44 S. W. 2d 1092. See also, *Banks* v. *State,* 207 Ala. 179, 93 So. 293, Cert. Denied 260 U. S. 736, 67 L. Ed. 488, 43 S. Ct. 96.

Appellants also objected to the introduction of photographs of the automobile company office and safe and the articles found in the automobile. These photographs, which were taken shortly after the burglary, were shown to be true and accurate pictures of the articles and place mentioned by those in a position to know. The admission and relevancy of such matters rests largely in the discretion of the trial court. We cannot say this discretion was abused, and conclude that the photographs enabled the witnesses better to describe, and the jury better to understand, the testimony. See *Oliver* v. *State,* 225 Ark. 809, 286 S. W. 2d 17.

Appellant Reaves urges error in the denial of his motion to disqualify the trial judge on account of alleged bias and prejudice against said defendant. The court directed that Reaves, who was on bail, be taken into custody during the trial when it was brought to the court's attention that he had indicated that he might attempt to fix or tamper with the petit jury. Ark. Constitution, Art. VII, Sec. 20, provides: "No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court." Ark. Stats., Sec. 22-113, fixes the fourth degree of consanguinity or affinity as that "prescribed by law" under this provision of the Constitution. As this court pointed out in *Jones* v. *State,* 61 Ark. 88, 32 S. W. 81: "There is no provision of our constitution or statutes that disqualifies a judge for prejudice.

If having formed an opinion as to the guilt or innocence of a defendant on trial in a criminal case was a disqualification of a judge presiding at the trial, it would often be a difficult matter to find a judge that would not be disqualified.''

Whether a defendant remain on bail or be kept in actual custody during his trial for a felony is a matter within the sound discretion of the trial judge under our statutes (Ark. Stats., Secs. 43-710 and 43-2103). We find no abuse of that discretion here, and none of the matters mentioned in the constitutional provision and statute as disqualifying a judge to preside were shown.

Appellant Reaves also argues that the punishment is unreasonable and excessive, but the motion for new trial contains no assignment of error on this ground. Besides, it was within the peculiar province of the trial court to assess the punishment. This was done well within the limits fixed by statute and, under the testimony presented, we do not feel warranted in substituting our judgment for that of the trial court. See *Cox* v. *State,* 164 Ark. 126, 261 S. W. 303; *Garner* v. *State, supra; McHenry* v. *State,* 219 Ark. 401, 242 S. W. 2d 707.

The judgment is affirmed.

ROBINSON, J., concurs.