STEWART *v*. STATE.

5005                                        343 S. W. 2d 568

Opinion delivered March 6, 1961.

*Jerry Witt* and *R. Julian Glover*, for appellant.

*J. Frank Holt*, Attorney General, by *Thorp Thomas*, Asst. Attorney General, for appellee.

PAUL WARD, Associate Justice.  On April 9, 1960 appellant was arrested on the charge of possessing beer in excess of the legal limit.  On the 27th of the same month he was convicted in the Municipal Court of Mt. Ida and fined $100.  On appeal to the Circuit Court the judgment of the lower court was affirmed.  In each instance the sheriff of Montgomery County was the only witness to testify.  It is not disputed that the evidence, if competent, is sufficient to sustain the conviction.

On appeal the only ground urged for a reversal is that the testimony was incompetent.  This ground is presently explained.

On the same day that appellant was arrested the mayor issued a search warrant authorizing the sheriff to search the premises of appellant.  It is contended that the search warrant was illegally issued.  At the beginning of the trial in Circuit Court appellant filed a motion to quash said warrant and to declare inadmissible any testimony procured or introduced by virtue thereof.

Based on the above, appellant asks this court to do two things: One, declare the search warrant void; and Two, change our rule to conform with the Federal Rule and declare the sheriff's testimony inadmissible.  In

respect to the latter, appellant points out that, in the case of *Clubb* v. *State,* 230 Ark. 688, 326 S. W. 2d 816, we said we would re-examine our former decisions on this rule regarding the admissibility of evidence obtained without a search warrant. However, for the reasons hereafter set out, we deem it unnecessary to consider the validity of the search warrant or to re-examine our decisions in the respect mentioned.

On the same day the mayor issued the search warrant he also issued a warrant for the arrest of appellant, and during the examination of the witness in the Circuit Court trial it was pointed out by appellant's attorney that both warrants were issued at the same time. The evidence does not reveal from which exclusive source the sheriff obtained his information or in what order obtained. There is no contention here that the arrest warrant was illegal or irregular.

When the sheriff lawfully arrested appellant and found illegal beer on his premises and in his control the sheriff could also testify concerning the same. In the case of *Knight* v. *State,* 171 Ark. 882, 286 S. W. 1013, the court quoted with approval from *Carroll* v. *United States,* 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, the following:

"When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense, may be seized and held as evidence in the prosecution. * * * The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

For similar holdings by this court see: *Garner* v. *State,* 184 Ark. 1093, 44 S. W. 2d 1092; and *Reaves and Neal* v. *State,* 229 Ark. 453, 316 S. W. 2d 824.

For reasons above stated the judgment of the trial court is affirmed.

Affirmed.