Colonel Thomas A. Mars, Director Arkansas State Police 1 State Police Plaza Drive Little Rock, AR 72209
Dear Colonel Mars:
You have requested an Attorney General opinion concerning oaths of allegiance signed by a non-citizen.
You have asked:
(1) Is an oath of allegiance signed by a non-citizen valid?
 (2) If an oath of allegiance signed by a non-citizen is not valid, can the Arkansas State Police legally deny a non-citizen a concealed handgun license?
RESPONSE
Question 1 — Is an oath of allegiance signed by a non-citizen valid?
It is my opinion that an oath of allegiance signed by a non-citizen is presumed to be valid.
The United States Supreme Court has addressed this issue in equal protection cases involving classifications based on citizenship. In In ReGriffiths, 413 U.S. 717 (1973), the Court addressed a situation in which a resident alien of the state of Connecticut was denied permission to take the state bar examination because of a citizenship requirement that was imposed by a state court rule. The Court struck down this citizenship requirement as a violation of the equal protection requirement of the 14th Amendment. In doing so, the Court stated:
 We find no merit in the contention that only citizens can in good conscience take an oath to support the Constitution. We note that all persons inducted into the Armed Services, including resident aliens, are required by 10 U.S.C. § 502 to take the following oath:
 "I, _______________, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God." If aliens can take this oath when the Nation is making use of their services in the national defense, resident alien applicants for admission to the bar surely cannot be precluded, as a class, from taking an oath to support the Constitution on the theory that they are unable to take the oath in good faith.
In Re Griffiths, 413 U.S. at 726, n. 18.
The Court reiterated this view in Hampton v. Mow Sun Wong, 426 U.S. 88
(1976), in which it struck down a Civil Service Commission (CSC) regulation barring non-citizens, including lawfully admitted resident aliens, from employment in the federal competitive civil service. In so holding, the Court stated: "It is, of course, clear that one need not be a citizen in order to take in good conscience an oath to support the Constitution." Id. at 111, n. 43, citing In Re Griffiths, supra.
On the basis of these statements by the U.S. Supreme Court, I must conclude that an oath of allegiance signed by a non-citizen must be presumed to be valid.
This is not to say that a non-citizen's oath, like a citizen's oath, cannot be proved to be invalid.[1] Nevertheless, the U.S. Supreme Court has made clear that oaths by non-citizens cannot be presumed to be invalid.
Question 2 — If an oath of allegiance signed by a non-citizen is notvalid, can the Arkansas State Police legally deny a non-citizen aconcealed handgun license?
In light of my response to Question 1, it is not necessary for me to answer this question. I find it pertinent to note, however, that under the U.S. Supreme Court's holdings in cases involving classifications based upon citizenship, see, e.g., In Re Griffiths, supra, a denial of a concealed handgun license on the basis of citizenship would be constitutionally suspect.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] In Rasmussen v. Horner Co., 255 Ark. 1030, 505 S.W.2d 225 (1974), the Arkansas Supreme Court set forth the elements of a valid oath, stating:
 To make a valid oath or affirmation there must be some overt act which shows that there was an intention to take an oath or affirmation on the one hand and an intention to administer it on the other; for, even though such intention actually did exist, if it was not manifested by an unambiguous act, perjury could not be based thereon. If the attention of the person making the affidavit is called to the fact that it must be sworn to, and, in recognition of this, he is asked to do some corporal act, and he does it, the instrument constitutes a statement under oath, irrespective of any other formalities.
Id. at 1035, citing Thompson v. Self, 197 Ark. 70, 122 S.W.2d 182 (1938) and Cox v. State, 164 Ark. 126, 261 S.W. 303. The above elements are those that must be called into question in order to prove that an oath is invalid.