COOPER *v*. TOWN OF GREENWOOD.

Crim. 4064.

Opinion delivered November 1, 1937.

*Festus Gilliam* and *Holland & Holland,* for appellants.

*George W. Johnson* and *Thomas W. Harper,* for appellee.

MEHAFFY, J. The appellants were convicted in the Sebastian circuit court, Greenwood district, for violating Ordinance No. 103 of the town of Greenwood, providing for the collection of motor vehicle tax. The ordinance provided for a tax of $2.50 per annum payable by every person, firm or corporation residing within the town of Greenwood, Arkansas, for each and every vehicle of whatsoever kind or description owned and operated by any such person, firm or corporation, etc. The ordinance provided that it should be unlawful for any person, firm or corporation to operate any such motor vehicle within said town without first paying said tax thereon, and provided that any person failing to comply with the provisions of the ordinance, or any person who shall operate any motor vehicle without paying said tax, shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not more than $5 for each violation.

Each of the appellants was fined $1, and were given 20 days to file motion for new trial. Within the time appellants filed their motion for new trial, which was overruled, and the case is here on appeal.

There is no dispute about the facts. The ordinance, it is conceded, was properly passed, and it is also conceded that the appellants violated it; but it is contended that act 154 of the Acts of 1929 is void and that for that

reason the ordinance is void, and no conviction could be had under it.

Section 1 of act 154 of the Acts of 1929 reads as follows: ''That hereafter any town incorporated under the laws of Arkansas shall have the authority through the agency of its town council to assess a tax on all motor vehicles owned or operated for pleasure by any resident of such town, or on any motor vehicle operated for hire or profit on the streets of such incorporated town by any person, persons, firm or corporations, who may reside elsewhere, in a sum to be mentioned on a ballot to be used as (at) a special election hereinafter provided for to determine final action on same.''

It is contended that said act is void because it gives authority to tax motor vehicles operated for hire or profit on the streets of the incorporated town by persons residing elsewhere, and does not provide for a tax on those motor vehicles operated for hire or profit by residents of the town of Greenwood. We think the intention of the Legislature clearly appears, from the act itself, from the language used, to be that any motor vehicle operated for hire or profit by any person, firm or corporation, whether he resides in the town of Greenwood or elsewhere, shall be taxed.

A reasonable construction would be that it applies to any person, persons, firm or corporation, although they might reside without the limits of the town.

While the meaning of the Legislature must be determined primarily from the language of the statute itself, that means a consideration not only of the entire act, but of all acts or statutes in *pari materia.*

''In construing a statute, the intention of the Legislature is to be ascertained not merely from the language of the act taken as a whole, but, where the language is not free from ambiguity, from the application of the act to existing circumstances and necessities. When the words of a statute are not explicit, the intention of the legislature is to be collected from the context, by considering the subject-matter, by looking to the occasion and necessity for the law and the circumstances under which it was enacted, to the mischief to be rem-

edied, the object to be obtained and the remedy in view, by comparing one part with the other, and giving effect to the whole, by looking to the old law upon the subject, if any, and other statutes upon the same or similar subjects, by considering the effects and consequences of a particular construction, and by looking to contemporaneous legislative history and contemporaneous construction of the statute." 25 R. C. L. 1012, 1013.

The obvious intention of the legislature was to authorize cities and incorporated towns to tax all motor vehicles owned or operated for pleasure by any resident of such city or town, and also to tax all persons who operated for hire or profit on the streets of such city or town, whether they resided in the town or elsewhere.

This court said recently: "Statutes are to be construed with reference to the public policy they are designed to accomplish. . . . In the last case cited it was said that the intention of a statute is to be collected either from the words, the context, the subject-matter, the effects and consequences, or from the spirit and reason of the law, or from other acts in *pari materia.*

"This is but another way of expressing a well-settled rule of statutory construction which leads to the same conclusion; and that is, that uncertain or ambiguous words of a statute should always be construed so as, if possible, to produce a reasonable and just result." *Ark. Tax Comm.* v. *Crittenden County,* 183 Ark. 738, 38 S. W. 2d 318.

"It is a well-settled principal of statutory construction that statutes should receive a common-sense construction, and, where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent of the legislature." *State ex rel., Atty. General,* v. *Chi. Mill & Lbr. Co.,* 184 Ark. 1011, 45 S. W. 2d 26; Lewis' Southerland Statutory Construction 2d Ed., vol. 2, pp. 796, 797.

We also said in that case: "It is the office of judicial construction to supply such omitted words as give effect to the act, if this can be done within the reason-

able scope of language used by the legislature, when read in connection with the purposes of the act.''

Statutes will not be defeated on account of mistakes, errors or omissions, provided the intention of the legislature can be collected from the whole statute. *Hazelrigg* v. *Bd. of Pen. Commissioners,* 184 Ark. 154, 40 S. W. 2d 998.

It is contended by appellants that ordinance 103 is broader than authorized by act 154 of 1929, for the reason, as contended by appellants, that the act of the legislature authorizes a tax on the residents of the incorporated town on motor vehicles operated for pleasure, but we have already said that the act included residents as well as non-residents of the incorporated town on motor vehicles operated on the streets for hire or profit.

It is contended that act No. 16 of the Acts of 1933, if valid, repeals act 154 of 1929. Act No. 16 authorizes cities and incorporated towns to require residents of said cities and towns for the privilege of keeping and using motor vehicles, to pay a tax, not to exceed $5 per annum, for each motor vehicle defined in the act. This act does not repeal act 154 of 1929, but must be read in connection with that act, if valid. But the appellants contend that act 16 of 1933 is invalid under the decision *Texarkana-Forest Park Paving District* v. *State,* 189 Ark. 617, 74 S. W. 2d 784.

The decision referred to states that the act was void and ''act 183 of 1927 falls squarely within the condemnation and inhibition of § 23, art. 5 of the Constitution of 1874, and likewise within the doctrine of the cases cited *supra,* therefore is unconstitutional and void.''

Section 23 of art. 5 is as follows: ''No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.''

Act 16 of 1933 does not undertake to revive, amend or extend the provisions by reference to title only. What it, in fact, does, is to enact a general law which does not amend § 7444, but enacts a general law that takes the place of § 7444 of Crawford & Moses' Digest.

We, therefore, hold that act 16 of 1933 is a valid law, but does not repeal act 154 of 1929.

Numerous authorities are cited by counsel for both parties, which we do not deem it necessary to discuss. Our conclusion is that act 154 of the Acts of 1929 and the ordinance of the town of Greenwood are both valid, and the judgment of the circuit court is affirmed.