JONES *v.* JONES.

4-5784                                        137 S. W. 238

Opinion delivered February 19, 1940.

*Osro Cobb,* for appellant.

*E. Chas. Eichenbaum,* for appellee.

*W. A. Leach, A. G. Meehan* and *John W. Moncrief,* Amici Curiae.

SMITH, J. On March 5, 1936, appellant, Mrs. Jones, was granted a separation decree from appellee, her husband, with an allowance of $85 per month for the support of herself and their minor child, a son nine years old.

On March 6, 1939, appellee filed suit for divorce under the provisions of act No. 20 of the Acts of 1939, p. 38, which act will hereinafter be referred to by that number. Appellant filed an answer denying appellee's right to a divorce, and praying an increase of support money for herself and son. A decree for divorce was granted, but no change in the allowance was made, and this appeal is from that decree.

No ground for divorce was alleged, or shown, except that the parties had lived separate and apart for three consecutive years without cohabitation. This fact was not denied, except that it was answered that the parties had not lived apart for three years, if the time were excluded while the decree of separation was effective, and it is insisted that this period of time should not be included in determining the period of separation.

Act No. 20 was passed at the first session of the General Assembly following the rendition of the opinion in the case of *White* v. *White,* 196 Ark. 29, 116 S. W. 2d 616. In that case we construed act 167 of the Acts of 1937, which appears as § 4381, Pope's Digest. This act amended § 3500, C. & M. Digest, by the addition of the following paragraph: "Seventh. Divorce from the bonds of matrimony may be obtained in addition to the causes now provided by law, and subject to the same procedure and requirements, for the following cause: When the husband and wife have lived apart for three consecutive years without cohabitation the court shall grant an absolute decree of divorce at the suit of either party."

It was insisted in this White case, *supra,* that this act gave either spouse a right to a divorce upon the mere showing that the parties had lived apart for three consecutive years without cohabitation, and that the husband in that case was entitled to a divorce although he had deserted his wife without cause, and had ignored

her protests and entreaties that he should return to the home and live with her as her husband. The legislation, if so construed, appeared so subversive of the sanctity of the marital relation that the majority were unwilling to give it that construction unless clearly required. It was said, in a vigorous dissenting opinion, that the legislation was susceptible of no other construction, and cases construing similar legislation in other jurisdictions so holding were cited in the dissenting opinion. It was, however, held by the majority that the act contemplated an agreement or understanding between the parties that they will act in concert, and that at the end of the required period either might obtain a divorce from the other by alleging and proving mutuality of separation.

Following that decision, act No. 20 was enacted. It amended § 4381, Pope's Digest, by making the seventh paragraph thereof read as follows: "Seventh. Where either husband or wife have lived separate and apart from the other for three (3) consecutive years without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

In view of the history of this legislation above recited, there remains no doubt as to the purpose of act No. 20, and we can only say that it was not beyond the power of the legislature to enact it. We must, therefore, enforce it in cases where its provisions are applicable. The act requires that the husband and wife shall have lived separate and apart for three consecutive years without cohabitation, in which event an absolute decree of divorce shall be granted at the suit of either party, whether such separation was the voluntary act, or by the mutual consent of the parties, and the question as to who was the injured party may be considered only in the settlement of the property rights and the question of alimony.

We perceive no authority on our part to exclude the period of time during which the parties to the litigation lived apart under the separation decree of March, 1936. The act makes no such exception, and we have no authority to read that exception into the act, which requires only that the parties shall have lived separate and apart for three consecutive years without cohabitation. The fact that the parties to this litigation were living apart during a portion of the three years immediately preceding the filing of the instant suit under a decree of separation does not alter the fact that they were living apart.

Upon this question the Supreme Court of North Carolina held, in the case of *Cooke* v. *Cooke,* 164 N. C. 272, 80 S. E. 178, 49 L. R. A., N. S. 1034, that "The time during which the parties have lived apart under and by virtue of a decree of separation from bed and board may be counted as part of the period of a separation for which an absolute divorce may be obtained." In the case of *Brown* v. *Brown,* 172 Ky. 754, 189 S. W. 921, the Court of Appeals of Kentucky, construing a statute similar to act No. 20, announced the same conclusion. See, also, *Knobe* v. *Berman,* 234 Ala. 433, 175 So. 354, 110 A. L. R. 864.

Upon the authority of act No. 20 we must affirm the decree for a divorce; but the act does not affect our jurisdiction to settle the property rights of the parties and to award alimony; indeed, for those purposes —but for those purposes only—we may consider which spouse is the "injured party."

It appears that subsequent to the separation decree, but before a cause of action had accrued under act No. 20, appellee was denied his prayer for an absolute divorce, and he prays such a divorce now only upon the showing that he and appellant have lived apart for more than three years. Certainly, appellee is not the "injured party" who has been relieved of his obligation to pay alimony, and no conduct on the part of his wife could free him of his duty to support his minor son.

We think the allowance of $85 per month for both these purposes is not commensurate with appellee's sta-

tion in life and his ability to pay and the necessities of his wife and child. Appellee is the district manager of his corporate employer, whose bookkeeper testified that appellee was paid $375 per month for the months of January and February, 1938, and $337.50 for the remaining months of that year, but that his salary was restored to $375 per month for each month of 1939, and that appellee received an additional amount for expenses and entertainment, which averaged $125 to $150 per month. Appellee explained that during some months this last-named item was not the source of any income to him. Appellee admitted that, in addition to his salary, he received a bonus of $1,000 in 1937. The bonus is an indeterminate amount based upon the business of his employer as a whole, and varies. The highest bonus paid in any one year was $1,000, from $250 to $300 the lowest. Appellee's total income for 1937 does not appear, but his income tax return for 1936 showed an income of $4,750, and that for 1938 of $4,312.

Appellant gave an itemized statement of her average monthly necessary expenses amounting to $175 for the support of herself and son, who has no earning capacity. Appellant explained that on account of her health she had no earning capacity except the board paid her by a lady boarder, who lives with appellant in a rented apartment.

Upon a consideration of this testimony, we are of opinion that the allowance should be increased from $85 to $150 per month, and it will remain at that amount until the altered circumstance of the parties suggests a revision.

It appears that upon one branch or another of the case the parties have been before the chancellor "about a dozen times," and that appellant has had no money with which to pay her attorney. We have heretofore allowed appellant $25 to pay her attorney for filing brief on this appeal. That allowance will now be increased by $125, making a total of $150 for all services in connection with this case.

It is said also that appellee is in default to the extent of $240 in paying the $85 per month allowance

heretofore made. If this be true, the court below will, no doubt, upon appropriate application, make suitable orders to enforce its payment.

The decree will, therefore, be modified in the respects indicated, and the cause will be remanded for any appropriate order that may be necessary to enforce the decree as modified.