Brooks *v.* Brooks.

4-6035                                                     143 S. W. 2d 1098

Opinion delivered October 7, 1940.

*Fred A. Isgrig*, for appellant.

*John Sherrill* and *Howard Cockrill*, for appellee.

McHANEY, J. Appellee brought this action against appellant to secure a decree of divorce from her on the ground that they had lived separate and apart, without cohabitation, for a period of more than three consecutive years prior to the filing thereof, under the authority of subdivision seven of § 2 of act No. 20 of the Acts of 1939, p. 38. In her answer appellant did not deny that they had lived apart without cohabitation for three years, but denied that she voluntarily left appellee, and that their separation was involuntary on her part and was under his coercion.

The evidence is without dispute that the parties hereto have lived separate and apart and without cohabitation for a period of more than three consecutive years, and, under the authority of *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238, the court granted appellee an absolute divorce from appellant, awarded her $100 monthly, as alimony, and other property rights, and decreed both parties to be the owners of a certain farm in Pulaski county as an estate by the entirety, but gave appellee the exclusive right to control and operate the farm, pay the costs of operation and repairs, and retain the income therefrom.

This appeal challenges the decree of the court on two grounds: 1, that the court erred in granting the divorce under the cited statute; and 2, that it erred in awarding the farm and the income therefrom to appellee.

1. The seventh subdivision of § 2 of act 20 of 1939 provides: "Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

In *Jones* v. *Jones, supra,* this court reviewed the history of this legislation, § 4381, Pope's Digest, and as same was amended by said act 20, next above quoted, and there said: "In view of the history of this legislation above recited, there remains no doubt as to the purpose of act No. 20, and we can only say that it was not beyond the power of the legislature to enact it. We must, therefore, enforce it in cases where its provisions are applicable. The act requires that the husband and wife shall have lived separate and apart for three consecutive years without cohabitation, in which event an absolute decree of divorce shall be granted at the suit of either party, whether such separation was the voluntary act, or by the mutual consent of the parties, and the question as to who was the injured party may be considered only in the settlement of the property rights and the question of alimony."

We think the Jones case is conclusive of this and that appellant's argument concerning the phrase in said statute, "whether such separation was the voluntary act or by mutual consent of the parties," is without convincing force. The argument is that the proper interpretation of said statute rests upon that phrase, and that it can have no application to one who has been caused to separate involuntarily, by coercion or force. We think that phrase was inserted in said statute to meet the decision of this court in *White* v. *White,* 196 Ark. 29, 116 S. W. 2d 616, and to express the legislative intent. that a decree of divorce is made mandatory on the court at the suit of either party, where the conditions of the statute have been met, no matter what caused the separation. This view is made certain by the concluding clause in the statute which says: ". . . and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony." To give effect to the argument of appellant would be to take into consideration the question as to who the injured party is for the purpose of denying a divorce to the offender, in the very teeth of the statute to the contrary. See *Clarke* v. *Clarke, ante* p. 10, 143 S. W. 2d 540.

The court, therefore, correctly granted a divorce decree to appellee, and this part of the decree is affirmed.

2. As to the contention relative to the farm, the court correctly held them to be the joint owners thereof as an estate by the entirety. The decree did not take away from appellant her interest therein. It did give appellee the right to control and operate same and all the income therefrom, and awarded her $100 per month. We think the court was correct in leaving him in control of the operations thereof as she testified she knew nothing about the management of a farm. We think, however, the decree should be modified by requiring him to consult with her in the matter of making substantial improvements thereon and that she should be awarded one-half the net income therefrom, in addition to the payment by appellee of the $100 per month as alimony. The parties were married in 1911. They separated in 1936. Three children were born to them, all now being of age. The proof shows he has an income from his profession as a physician of about $6,000 per year. The wife of his youth is no longer young, being 47 years old, is in poor health and has no income of her own. Her inheritance from her father went into the farm, and we think she is entitled to one-half the income therefrom in addition to the monthly allowance made by the court.

Appellant claims an additional fee for her attorney. The record shows the trial court made an allowance of $200 against appellee for this purpose, which has been paid. Under the circumstances of this case, we think appellee should not be required to pay any additional sum, and this request is denied.

The decree will be reversed as to the allowance to appellant of a one-half interest in the income from the farm, but in all other respects is affirmed. Costs will be judged against appellee.

MEHAFFY, J., (dissenting). I cannot agree with the construction placed on the statute by the majority. The court holds, in effect, that no matter what the husband does, whip his wife, compel her to leave home, refuse to

permit her to come back for three years, he may get a divorce.

The statute itself provides in the seventh paragraph of the act, that the court shall grant an absolute decree of divorce at the suit of either party whether such separation was the voluntary act or by mutual consent of the parties.

It is true, as held by the majority, that the parties have lived separate and apart and without cohabitation for a period of more than three years; but the evidence also shows that they lived apart because the husband would not permit the wife to return to the home; and while she lived with him he whipped her. He called it "spanking," but whatever it might be called, it was physical punishment inflicted upon the wife.

I agree that the legislature had the right to pass this statute, but I do not think the intention was to grant a divorce where the separation was continued for three years because the husband would not permit the wife to return home.

It is the duty of the court, in construing statutes, to arrive at the intention of the legislature and to give effect to that intention. This is done by ascertaining the meaning of the words used by the legislature; but not only the entire statute on the subject must be considered, but all laws on the subject, and effect must be given to every word and sentence of the statute. This statute was an amendment to § 4381 of Pope's Digest, and not only was the cause of divorce involved in this suit mentioned, but the legislature in the same act provided for six other grounds of divorce. One of them is: "Where either party willfully deserts and absents himself or herself from the other for a space of one year without reasonable cause."

The effect of the court's decision is to repeal this part of the statute. We have always held that a party is guilty of desertion that compels the other party to stay separate from them for the space of a year without reasonable cause. But if instead of preventing his wife from returning home, he had himself willfully deserted

her and absented himself from her for the space of a year without reasonable cause, then according to the court's holding he could get a divorce, notwithstanding the same act provides that under such circumstances the wife shall have a divorce.

The legislature certainly intended that the whole act should become effective.

Another provision of the same act is: "Where either party shall be convicted of a felony or other infamous crime." Suppose the husband in this case had been convicted of a felony and his punishment had been fixed at three years in the penitentiary; then, under the holding of the court in this case, he could sue for and obtain a divorce under the seventh paragraph of the act, thereby repealing and annuling the fourth paragraph of the same act.

I think the legislature did not mean this, but that when they used the words "whether such separation was the voluntary act or by mutual consent of the parties" it necessarily meant that it had to be one or the other and it did not mean to make ineffective all the other parts of the same act.

I cannot understand how anyone could believe that the legislature meant what the court has said it meant in this case, and if it did not, then the decision is necessarily wrong.

"In construing a statute, the intention of the legislature is to be ascertained not merely from the language of the act taken as a whole, but, where the language is not free from ambiguity, from the application of the act to existing circumstances and necessities. When the words of a statute are not explicit, the intention of the legislature is to be collected from the context, by considering the subject-matter, by looking to the occasion and necessity for the law and the circumstances under which it was enacted, to the mischief to be remedied, the object to be obtained and the remedy in view, by comparing one part with the other, and giving effect to the whole, by looking to the old law upon the subject, if any, and other statutes upon the same or similar subjects, by considering

the effects and consequences of a particular construction, and by looking to contemporaneous legislative history and contemporaneous construction of the statute.'' *Cooper* v. *Town of Greenwood,* 195 Ark. 26, 111 S. W. 2d 452; 25 R. C. L. 1012, 1013. See, also, the case of *Serio* v. *Serio, ante* p. 11, 143 S. W. 2d 1097. It was there stated: where one of the parties was unable to commit a voluntary act or to consent to the separation, the separation would not be a ground for divorce. Our construction of the statute is that it assumes that the period of living apart without cohabitation for three years must have been the conscious act of both parties in order to entitle one of the parties to a divorce.

The opinion by the court in this case states that the case of *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238, is conclusive here. I do not think so. In the first place, the question involved in this case was not in the Jones case.

In addition to what I have said, it may be said that the state is a party in interest. ''The state or sovereign is deeply concerned in maintaining the integrity and permanence of the marriage relation. It has been said by the court and eminent writers on the subject that such an action is really a triangular proceeding, to which the husband and wife and the state are parties. When an attempt is made through the courts to undo a marriage, the state becomes in a sense a party to the proceedings, not necessarily to oppose, but to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case, or unless those conditions are found to exist at the time the decree is made on which the state permits a divorce to be granted.'' 17 Am. Jur. 155.

I think the construction put upon the statute by the court is wrong, and I respectfully dissent.