GOUD *v.* GOUD.

4-6460                                                    156 S. W. 2d 225

Opinion delivered December 1, 1941.

*Price Dickson* and *C. W. Atkinson,* for appellant.

*O. E. Williams,* for appellee.

HOLT, J.    Annie Baird Goud has appealed from a decree of divorce rendered in favor of Arthur H. Goud to whom she was married in 1909. The groom was then 18 years of age and the bride almost 30. Arthur Goud is a World War veteran who suffers from disabilities for

which compensation of $51.15 is allowed. The Washington bureau remits $18.60 to appellant.

Matrimonial troubles have been frequent since 1914 when these parties separated. In 1921, appellee sought a divorce in Suffolk county, Mass. The next court venture was in Leavenworth county, Kan., in 1936. Appellee brought his third suit in Wyandott county, Kan., and still another in the same county and state in 1938. A fifth effort was made in Leavenworth county, Kan., in 1939. In all actions except that filed in 1939 (as to which the plaintiff voluntarily dismissed) the prayers were denied.

June 3, 1940, a sixth suit was brought, appellee having moved to Washington county, Arkansas. The ground for divorce was that separation had been continuous for more than 25 years.

The complaint states a cause of action within the seventh subdivision of § 2 of act 20, approved January 27, 1939—the so-called three-year separation statute.

In *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238, we held that (for determining whether alimony should be awarded, and if so to what extent) act 20 authorized courts to ascertain what spouse was the injured party. We increased from $125 to $150 per month the husband's obligation, notwithstanding that under the law's mandate a decree of divorce shall be granted at the suit of either party ". . . whether such three-year separation was the voluntary act or by the mutual consent of the parties."

It is insisted that there is insufficient corroboration of appellee's charges. Since the only ground relied upon is separation for three years without cohabitation, and this fact is admitted by appellant, the point is untenable.

It is next urged that the plea of *res judicata* should be sustained on the showing made of adverse judgments or decrees in foreign courts. Former adjudication is not a bar because act 20 creates a legal right not available in any of the states where appellee sought and was refused relief.

Five years after marriage, appellant and appellee separated. There is no corroboration of appellee's testimony that his wife was at fault; nor is there support of her assertion that he deserted without cause. Appellant's testimony is that in 1914 appellee went to Baltimore with a married woman, where they were arrested, the woman having deserted her two small children.

On another occasion appellee wrote his wife, requesting a divorce. He had, according to this letter, ". . . gotten into trouble with a woman, and was forced to marry her."

Appellee testified that after appellant had refused to come to Chicago and live with him, he met Mildred Marshall and married her. Two children were born of this union—a son, now six years of age, and a daughter, four. When appellee "found that appellant was still alive" he divorced Mildred, and since that time has been endeavoring to get his affairs adjusted in order to remarry the mother of his children. In explanation of the marriage, appellee says that in 1933 a lawyer told him that if his wife "had been away ten years" a divorce was unnecessary.

Appellee testified that appellant told him she made $2,000 during the war. Her testimony is that she is without funds; that she is ill, and has no income other than that received from the veterans' bureau and $5 per week as rent for two rooms.

In view of the long-continued separation of the parties, and their changed circumstances, the evidence that the matrimonial status existed for only a short period, and that in respect of cohabitation the marriage status seems to have been abandoned by each party, we cannot say that the decree is not supported by a preponderance of the testimony, and accordingly we affirm.

Chief Justice GRIFFIN SMITH concurs. Mr. Justice GREENHAW disqualified and not participating.

GRIFFIN SMITH, C. J., (concurring). I concur in the result announced by the majority because Act No. 20 has been held to be mandatory. It is insisted by appellant that the plea of *res judicata* should be sustained on the

showing made of adverse judgments or decrees in foreign jurisdictions. Former adjudication is not a bar to the instant suit because Act No. 20 creates an unique legal right not available in any of the states where appellee sought and was refused relief.

About all a married gentleman in Arkansas (or a nonresident who registers within our borders for sixty days) is required to do under Act No. 20 is to chase his wife from home with a baseball bat, see that she does not tarry on the driveway, then lock all doors against re-entry and stand guard at the front gate with an ice pick. When the head of the family has disciplined his wife by ejectment and has maintained this status for thirty-six months, he may then substitute sentimental activities for sentinel duty and find surcease from travail in the arms of another taker—blond, brunette, or blended.

As long as the farcical practice of permitting divorce hunters to stray into the state and make transitory contact with a lodging house just long enough to unfold a tale of woe, and then leave with a decree in less time than it takes to test a guinea pig for infection, just that long will our courts be used as weaning grounds and wailing walls for broken promises and as inspirations for new desires.