BRICKEY *v.* BRICKEY.

4-6999                                     168 S. W. 2d 845

Opinion delivered March 1, 1943.

*Alvin Seamster* and *Duty & Duty,* for appellant.

*Earl C. Blansett* and *Charles W. Mehaffy,* for appellee.

SMITH, J. This appeal is from a decree of the chancery court of Benton county granting appellee a divorce from appellant. A reversal of this decree is prayed upon the grounds that appellee was not a resident of Benton county, and that he did not come into court with clean hands and should not, therefore, have been granted the divorce.

The testimony is to the following effect: The parties were married in Illinois in 1908, and resided together in the city of Bloomington in that state until June, 1935, at which time they separated, and have not since cohabited as man and wife, but have lived separate and apart.

In 1939, appellant filed suit for separate maintenance against appellee in the state of Illinois. He filed a cross-complaint seeking a divorce which was denied him. A decree was rendered requiring appellee to contribute $30 each month to appellant's support. These payments were made until October, 1941. Appellee testi-

fied that he entered into an oral property settlement with his wife which was intended to acquit him of further obligations to contribute to her support. Under this settlement he conveyed to her his home and its contents, and he thereby denuded himself of all the property which he possessed, yet he has paid her the sum total of $1,200 as alimony. .

On petition of appellant the Illinois court issued an order of citation requiring appellee to show cause why he had not complied with the decree of that court. This citation was dismissed in June, 1940. After this suit for divorce was filed, in the Benton chancery court, appellant filed in the Illinois court another petition for citation, in which no order has been made, as no service was had upon appellee.

In the decree, from which is this appeal, it is recited that "It is not intended by this decree to in any way disturb, modify or adopt the decree rendered in Illinois between the same parties." But this decree, which appellant made an exhibit to her answer, rendered in 1939, is not conclusive of the fact that appellee was not entitled to a divorce, when the decree here appealed from was rendered.

The divorce in this case was prayed and granted under the authority of § 4381, Pope's Digest, the seventh paragraph of which was amended by Act 20 of the Acts of 1939, p. 38, to read as follows: "Seventh. Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

It was admitted at the trial, from which is this appeal, that appellant and appellee had lived separate and apart without cohabitation for more than three years. He, therefore, then had this statutory ground for a divorce. A headnote to the case of *Goud* v. *Goud*, 203

Ark. 244, 156 S. W. 2d 225, is as follows: "DIVORCE—RES JUDICATA.—Judgment denying a divorce in another jurisdiction is not *res judicata* of an action under act No. 20 of 1939 on the ground that the parties have not lived together for three years where the state where the former application was made had no such statute."

The ground chiefly relied on for the reversal of the decree here appealed from is that appellee was not a *bona fide* resident of Benton county at the time of its rendition. Appellee is a seed salesman and covers a large territory, in this and adjoining states, in the pursuit of his employment in an automobile, which he testified was all the property he owned, as he had given all his other possessions, including his home and its contents, to appellant when they made their property settlement. He assessed this automobile for taxation in this state, and he was also assessed here for a poll tax. He testified that he had become a resident of this state, and expected to reside here permanently, a condition which our ninety-day divorce law does not require, it being sufficient under this statute that he was a resident of the state for two months before filing suit for divorce and for one month thereafter before the rendition of the decree. Section 4386, Pope's Digest.

Appellee testified that Rogers, in Benton county, was his headquarters and that his place of residence was the home of his cousin, Mrs. Koppy, in that city, and that he has lived in this home permanently since about January 3, 1942, a period of time longer than the law requires. He was corroborated in this testimony by Mrs. Koppy and others. His registration certificate for the Selective Military Service, dated April 27, 1942, gives Rogers as his place of residence, as did his automobile driver's license, dated May 18, 1942. Mrs. Koppy testified that appellee first came to her home in May, 1940, and that he had rented a room in her house continuously since January 3, 1942, where he kept all his personal effects, except those he carried with him while covering his territory. Appellee has no other home. His postoffice address is Rogers, and he has a postoffice box in that city, to which address his mail is sent.

Appellee admitted that since May 20, 1940, when he first came to Rogers, and even since January 3, 1942, most of his time has been spent away from Rogers, but that Rogers was at all times his home, and the place to which he returned after the completion of his trips.

We think this testimony warranted the court below in finding, as was expressly found, that appellee had been a resident of Benton county for more than three months before the rendition of the decree, and, as the fact was admitted at the trial, that appellant and appellee had lived separate and apart for three consecutive years, without cohabitation, the divorce was properly granted, and that decree will be affirmed.