[File No. 7101]

EVELYN O. FALEIDE, Plaintiff and Respondent, v. HARRY S. FALEIDE, Defendant and Appellant.

(34 NW2d 746)

·Opinion filed Nov. 6, 1948.   Rehearing denied Dec. 9, 1948

*Lanier & Lanier* and *E. M. Stren,* for appellant.

*Burtness & Shaft,* for respondent.

Morris, J.   This is an appeal from an order of the district court of Cass County denying the defendant's motion seeking to revoke a decree of separate maintenance and for a decree of final divorce between the parties.   The decree sought to be revoked had been entered upon the order of Hon. Daniel B. Holt. The present proceedings were had before his successor Hon. John C. Pollock.

The plaintiff and defendant were married on October 7, 1922 and thereafter lived together as husband and wife for approximately 19 years.   The plaintiff brought action for separate maintenance which culminated in a decree dated August 28, 1942, granting to the plaintiff separation from the defendant forever, awarding the custody of the three children of the parties to the plaintiff, and granting to her and the children the sum of $140 per month for support and maintenance.

The proceedings herein were had under the provisions of Chapter 14–06, NDRC 1943.   This law was originally enacted as Chapter 132, Session Laws of North Dakota, 1927, and

amended by Chapter 105, Session Laws of North Dakota, 1933. Section 14–0605 provides that, "When a decree for separation, forever or for a limited period,. shall have been pronounced, it may be revoked at any time thereafter by the judge by whom it was pronounced or by his successor, under such regulations and restrictions as the judge may impose. Application for revocation may be made by either party to the decree. At least ten days' and not more than twenty days' notice of such application must be given to the other party to the decree by service of the moving papers to be used on such application. Service of the moving papers may be made in the same manner as service of a summons in a civil action. If it shall be made to appear on the hearing of such application that the original decree has been in existence and force for more than four years and that reconciliation between the parties to the marriage is improbable, the judge may revoke the separate maintenance decree and, in lieu thereof, may render a decree absolutely divorcing the parties, and at the same time may make such final divisions of the property, or may direct the payment of such alimony, and make such orders with reference to minor children, if any, as justice and the merits of the case and the circumstances of the parties shall warrant."

This statute was before us in Novak v. Novak, 74 ND 572, 24 NW(2d) 20 wherein we decided that where it appears that a reconciliation between parties who have been separated pursuant to a decree of separate maintenance in force for more than four years is improbable, the trial judge should exercise his discretion in determining whether or not the decree should be revoked and a divorce granted. In the case now at bar the trial judge in the order denying applicant's motion, states, "That from the evidence submitted by the parties it does not appear that reconciliation between the parties to the marriage is improbable, and on the contrary the Court finds that there is a possibility of reconciliation between the parties; that it would not be for the best interests of the parties and the children of the parties to grant a Decree of absolute divorce at this time; that for the best interests of the parties, the children of the

parties, and as a matter of public policy the existing Decree and Judgment of separate maintenance should be and remain in full force and effect until the further order of the Court."

The appellant in effect challenges the correctness of this finding as being contrary to the evidence and asserts that the court abused his discretion in denying the motion.

We find no cases construing or applying a statute containing the identical provisions of the one now before us. There is a growing tendency on the part of legislatures to enact statutes recognizing separation as a ground for divorce. In some states separation for the statutory period creates a legal right to divorce. In others it vests in the court discretion to grant a divorce upon the expiration of the statutory period of separation. Under most statutes separation in fact rather than by decree is the prerequisite. There is also a tendency to emphasize the probability or improbability of reconciliation to a greater degree than the original fault as an important factor to be considered.

Under an Arkansas statute separation for three consecutive years without cohabitation creates a statutory ground for divorce and it was the legislative intent that a divorce decree should be mandatory on the part of the court where conditions of the statute have been met regardless of the original cause of separation. Clarke v. Clarke, 201 Ark 10, 143 SW(2d) 540; Brooks v. Brooks, 201 Ark 14, 143 SW(2d) 1098. In Kentucky the statutory period of separation is five years, and the right to a divorce thereafter exists regardless of whose fault brought about the separation. Colston v. Colston, 297 Ky 250, 179 SW (2d) 893.

In Moravitz v. Moravitz, 205 Minn 389, 285 NW 884, it appears that under a Minnesota statute an absolute divorce may be granted after continuous separation under a decree of limited divorce for more than five years next preceding the commencement of the action. In Jones v. Jones, 200 La 911, 9 So (2d) 227, the separation which was brought about by the fault of the plaintiff was recognized as a valid ground for a divorce after the separation had continued for more than two years.

See also White v. Broussard, 206 La 25, 18 So2d 641. In Long v. Long, 206 NC 706, 175 SE 85, it was held that to secure an absolute divorce upon the ground of two years separation as provided by statute, the applicant for divorce need not be the injured party. This rule no longer prevails in North Carolina under a more recent statute. Brown v. Brown, 213 NC 347, 196 SE 333. In Nichols v. Nichols, 181 Md 392, 30 A(2d) 446, it was held that under the statute authorizing a divorce in a case of five years voluntary separation, the plaintiff must prove, that the separation between him and the defendant was mutually voluntary at its inception. In Smith v. Smith, 54 RI 236, 172 A 323, it was held that under the statute making it discretionary with the trial court to grant a divorce after ten years separation, the conduct of the petitioner is not decisive of the question of the proper exercise of judicial discretion but that evidence of the petitioner's bad conduct may be admitted, not to control but to aid the court in its determination. In Kohlsaat v. Kohlsaat, 62 Nev 485, 155 P2d 474, where the plaintiff sought a divorce based on the ground of three years separation, the fact that the plaintiff was the party chiefly at fault did not preclude the court from granting him a divorce in the exercise of the court's discretion. In an earlier case and at a time when the statute fixed the length of separation at five years, the Supreme Court of Nevada said, "The legislative concept embodied in the statute is that when the conduct of parties in living apart over a long lapse of time without cohabitation has made it probable that they cannot live together in happiness, the best interest of the parties and of the state will be promoted by a divorce." Herrick v. Herrick, 55 Nev 59, 25 P(2d) 378.

See also, George v. George, 56 Nev 12, 41 P2d 1059, 97 ALR 983; Parks v. Parks, 73 App DC 93, 116 F2d 556; Notes, 51 ALR 763; 97 ALR 985; 111 ALR 867; 166 ALR 498.

The findings of fact in the action for separation discloses that the defendant without justifiable cause and notwithstanding the repeated requests of the plaintiff refused to live with the plaintiff or his family. The testimony in these proceedings further discloses that during the five and a half years that intervened between the original trial and the hearing on this motion, the

defendant had complied fully with the decree of separation. The three children, who were all boys, had reached majority. Two of them were married and the third expected to be married soon. During all of that time the defendant had never said anything to the plaintiff that would indicate that he was willing to resume the marriage relationship. He testified that it was impossible for the parties to live together again as man and wife at any time in the future, and that he bore no love and affection toward the plaintiff.

The plaintiff testified that she still loved her husband, wanted to resume the marriage relationship and still hoped that he would come back and that they would have a happy family life again. The three sons testified that they too hoped that the family relationship between their mother and father would be resumed. Two of them said that about a year previous to the trial the defendant had mentioned that he would like to move elsewhere and take the family including the plaintiff and start life over again. The defendant says he does not recall making this statement. The testimony also indicates that the defendant now contemplates another marriage in event he is successful in obtaining the divorce that he now seeks.

The record is entirely devoid of any expressions of bitterness on the part of either party toward the other. Neither charges the other with faults that usually appear as a basis for actions of this kind. No bad habits of either are mentioned. The only complaint of the plaintiff is that the defendant has refused to live with her and the family for over six years. This she is willing to forgive and as she views the matter reconciliation is not improbable. On the other hand the defendant is dogmatic in his statements that the marital relationship is at an end. He is adamant in his position that reconciliation is impossible. His past conduct is consistent with these assertions.

In proceedings for divorce under the provisions of Section 14-0605, NDRC 1943, where it appears that a decree of separation has been in effect for more than four years and reconciliation is improbable, the trial court must exercise sound judicial discretion in determining whether the decree of separate maintenance should be revoked and a divorce granted. The lapse of

the statutory period of four years since the decree was issued does not make the granting of the divorce mandatory. Neither does the original fault that caused the separation control the discretion of the court, but it may be considered along with other material facts in arriving at a decision.

In this state the existence of an effective decree of separation for four years and the improbability of reconciliation are statutory conditions precedent to the. granting of divorce on the ground of separation. The trial judge was of the opinion that reconciliation was not improbable. If he is correct in this, no discretion remains to be exercised; the divorce must be denied. It is only where reconciliation is improbable that discretion may be exercised with respect to the granting or refusing of a decree. We are unable to agree with the trial court in his conclusion that there is a probability that the parties may resume their marital relationship. This is extremely unlikely to occur. Thus the condition of the statute is met.

After the statutory conditions precedent have been established the court is still not bound as a matter of law to grant the divorce. This was held and is well illustrated in the case of Novak v. Novak, supra. In the case now at bar sound judicial discretion dictates the dissolution of the marriage tie. Our study of the evidence leads us to the conclusion that the marriage between these parties, while having a legal existence, is, in fact, no longer a marriage at all. It is a complete failure and to preserve it longer would further neither the welfare of the parties nor public policy. The children have reached majority and have or will have their own homes. Their desire that their father and mother again be united is both understandable and commendable, but since it is highly improbable that this can happen the preservation of mere legal bonds is more likely to result in evil than in good. We, therefore, reach the conclusion that the defendant should be granted a divorce.

The order appealed from is, therefore, reversed.

CHRISTIANSON, Ch. J., BURKE and NUESSLE, JJ., and GRIMSON, District J., concur.

BURR, J., did not participate.