Goldie ZUERCHER, Deceased *v.* EMERSON ELECTRIC
COMPANY

CA 89-454                                   789 S.W.2d 467

Court of Appeals of Arkansas
Division II
Opinion delivered May 23, 1990
[Rehearing denied June 27, 1990.]

*Jay N. Tolley*, for appellant.

*Croxton & Boyer*, by: *Ronald L. Boyer*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us
from the Arkansas Workers' Compensation Commission. Appellant, Goldie Zuercher, now deceased, appeals from an August 31,
1989, decision of the full Commission which held that appellee,
Emerson Electric Co., is not liable for weekly benefits subsequent
to appellant's February 17, 1988, death. We affirm.

Appellant was employed by appellee on February 11, 1987,
the day she sustained a crush amputation to the right index finger
at the level of the distal joint. James S. Beckman, Jr., a plastic
reconstructive surgeon, saw appellant in the emergency room the

day of the accident and later performed a cross-finger flap procedure. Dr. Beckman, in a report dated May 12, 1987, stated that he released appellant to return to work on May 10, 1987, and that he expected that she would have a 5% permanent partial impairment to the hand below the elbow. In June of 1987 appellee made a prepayment of weekly indemnity benefits attributable to permanent partial disability in the amount of a 5% impairment to the hand. In a report dated November 16, 1987, Dr. Beckman made a final disability impairment rating of 58% to the right hand.

Appellant died February 17, 1988, of causes unrelated to the compensable injury. Appellee paid no more benefits after appellant's death.

The case was tried before an administrative law judge on a stipulated record and in an opinion dated March 13, 1989, appellant was found to be entitled to weekly benefits from November 17, 1987, until only February 17, 1988. The administrative law judge also held that appellee was entitled to credit against the amount paid in June 1987 as prepayments and, as that amount exceeded its liability, no additional benefits would be payable.

The full Commission in an opinion dated August 31, 1989, affirmed and adopted the opinion of the administrative law judge. From that decision comes this appeal.

Appellant for reversal argues that the full Commission erred as a matter of law in its finding that appellant was not entitled to benefits after her death.

Appellant in support of this argument asserts that she incurred a 58% impairment entitling her to 87 weeks of benefits or $13,398.00, and that appellee paid only $3,062.50. Appellant contends that the difference must be paid under Arkansas Code Annotated Section 11-9-704(e) (1987) because that is the amount of benefits owed her "preceding her death."

Appellant claims that as long as the permanent character of the injury is certain, the claimant is entitled to receive all of the benefits even though these benefits are not immediately payable. However, she cites no authority for this proposition. Instead, she claims that in the Arkansas Workers' Compensation Act there is

neither a provision which would allow for the survival of a claim such as hers nor is there a provision prohibiting its survival. We disagree.

The portion of Arkansas Code Annotated Section 11-9-704 relevant to this appeal provides:

> (e) AWARD AFTER DEATH. No compensation for disability of an injured employee shall be payable for any period beyond his death. However, an award of compensation for disability may be made after the death of the injured employee for the period of disability preceding death.

Appellant here is asking for compensation for disability for a period beyond her death. She received compensation for the period preceding her death. The language of the statute clearly prohibits the payment of compensation which appellant seeks.

The Arkansas Supreme Court in *McCaa Chevrolet Co.* v. *Bounds*, 207 Ark. 1043, 183 S.W.2d 932 (1944), addressed the same question of whether the installments of monthly disability payments, due to an injured employee under the provision of the Arkansas Workers' Compensation Law, which matured after the death of the employee, became part of the assets of the employee's estate. The court, noting that it had not been theretofore called upon to decide that exact question, reviewed the decisions of other courts of last resort and analyzed the text of the Arkansas Workers' Compensation Law. The supreme court concluded that the liability to an employee from his employer for compensation for disability, as created by this law, does not survive to the employee's estate after his death.

We find the aforementioned statute and *McCaa* dispositive of the issue raised on appeal. We, therefore, find no merit to appellant's argument and affirm.

Affirmed.

COOPER and JENNINGS, JJ., agree.